SHAFOR *v*. THE PUBLIC UTILITIES COMMISSION OF OHIO ET AL.

*Telephone companies — Long-distance connections — Section 614-63, General Code — Authorizing public utilities commission to order through line — Inapplicable where service furnished by one company, when.*

Where two telephone companies are competing for local business in a locality in this state and one of the companies has also established and is maintaining necessary and adequate long-distance service between such locality and another locality of the state and has offered to and is able to furnish such long-distance service to the residents of such locality wherein such companies are competitors, and public necessity does not require additional long-distance service, the provisions of Section 614-63, General Code, conferring upon the utilities commission power to require a physical connection between two or more telephone companies, do not apply.

(No. 15117 — Decided May 16, 1916.)

ERROR to the Public Utilities Commission.

The Cincinnati & Suburban Bell Telephone Company, an Ohio corporation, is the owner and operator of a telephone system, its principal ex-

change being in the city of Cincinnati. It has exchanges also in the country, cities and villages within a radius of fifty miles from said city and has in the aggregate eighty thousand subscribers. It has the sole use and occupancy for telephone purposes of the public streets and alleys in said city and is the only telephone company operating therein. It owns and operates long-distance telephone lines between the cities of Cincinnati and Hamilton, a distance of twenty-five miles, and owns and operates also a local telephone system in said city of Hamilton and the surrounding territory, having approximately thirty-four hundred subscribers who have direct long-distance service to and from the city of Cincinnati.

The Hamilton Home Telephone Company, also an Ohio corporation, is the owner and operator of a telephone system, with its principal exchange in said city of Hamilton, and has five branch exchanges in the county of Butler and has in the aggregate in the different exchanges approximately thirty-four hundred subscribers. It has no telephone line to or telephone connections with the city of Cincinnati. It is a competitor of The Cincinnati & Suburban Bell Telephone Company for local business in the city of Hamilton and the surrounding territory.

Plaintiff in error, William A. Shafor, is a resident of the county of Butler, residing three miles east of the city of Hamilton, and is a subscriber of The Hamilton Home Telephone Company. He filed a complaint with the public utilities commission against the two telephone companies, in which

he asked for an order requiring them to establish and maintain through lines or lines of continuous service between the locality in which he resides and the city of Cincinnati, so that there might be a continuous telephone communication by and between him and the other subscribers of The Hamilton Home. Telephone Company in Butler county and the subscribers of The Cincinnati & Suburban Bell Telephone Company residing in the city of Cincinnati and suburbs.

To this complaint The Hamilton Home Telephone Company filed an answer in which it admitted that the facts set forth in the complaint were true and alleged that it was willing to unite with The Cincinnati & Suburban Bell Telephone Company in any reasonable way provided by law for the establishment and maintenance of direct and continuous telephone communication on reasonable toll charges, as was asked in the complaint. An answer was filed by The Cincinnati & Suburban Bell Telephone Company and a reply thereto by the complainant. The matter was heard by the public utilities commission upon the pleadings and the evidence, and the commission found that complainant was not entitled to the relief demanded, and the complaint was dismissed. An application for a rehearing was denied. The jurisdiction of this court is invoked by a petition in error in which it is asked that the order of the commission be reversed and that this court grant to plaintiff in error the relief sought in his complaint filed with the commission.

*Messrs. Slayback & Harr* and *Messrs. Andrews & Andrews,* for plaintiff in error.

*Mr. Edward C. Turner,* attorney general, and *Mr. Freeman T. Eagleson,* for the public utilities commission of Ohio, and *Mr. J. W. Heintzman* and *Mr. M. O. Burns,* for The Cincinnati & Suburban Bell Telephone Company, defendants in error.

NEWMAN, J. The purpose of this proceeding before the public utilities commission, as stated by counsel, was to have established a direct toll service between plaintiff in error and the other subscribers of The Hamilton Home Telephone Company in Butler county and the subscribers of The Cincinnati & Suburban Bell Telephone Company in Cincinnati and its suburbs, so that a subscriber of The Hamilton Home Telephone Company, through his own instrument in his own home or office or place of business, might call up any subscriber of The Cincinnati & Suburban Bell Telephone Company in Cincinnati or its suburbs, or be called up by him, and hold a conversation.

It is insisted that the commission has power under Section 614-63, General Code, to make the order asked for in the complaint. This section is as follows:

"The commission shall have the power upon complaint, in writing, by any person, or on its own initiative, by order, to require any two or more telephone companies whose lines or wires form a continuous line of communication, or could be made to do so by the construction and maintenance

of suitable connections or the joint use of equipment, or the transfer of messages at common points, between different localities which cannot be communicated with or reached by the lines of either company alone, where such service is not already established or provided for, unless public necessity requires additional service, to establish and maintain through lines within the state between two or more such localities. The joint rate or charges for such service shall be just and reasonable and the commission shall have power to establish the same, and declare the portion thereof to which each company affected thereby shall be entitled and the manner in which the same shall be secured and paid. All necessary construction, maintenance and equipment in order to establish such service shall be constructed and maintained in such manner and under such rules, with such division of expense and labor as shall or may be required by the commission."

There has been filed in this court with the transcript of the journal entries and the original papers a certified transcript of all the evidence adduced upon the hearing before the commission. We have examined this evidence and are of the opinion that there has been a failure on the part of plaintiff in error to show that public necessity requires additional telephone service between the locality in which he resides and the city of Cincinnati. On the contrary we think it clearly appears that The Cincinnati & Suburban Bell Telephone Company is furnishing necessary and adequate service between the locality in which The

Hamilton Home Telephone Company is operating and the city of Cincinnati and that public necessity does not require additional service. It also appears that The Cincinnati & Suburban Bell Telephone Company has offered and is able to furnish long-distance service to plaintiff in error and the other subscribers of The Hamilton Home Telephone Company and to residents of the city of Hamilton and the locality in which the two companies are competitors.

But notwithstanding these facts, it is insisted by counsel for plaintiff in error that Section 614-63, *supra,* confers power upon the commission to act in this matter. They rely upon this language:

"The commission shall have the power * * * to require any two or more telephone companies * * * between different localities which cannot be communicated with or reached by the lines of either company alone, * * * to establish and maintain through lines within the state between two or more such localities."

They say that inasmuch as the localities in question cannot be reached by the lines of The Hamilton Home Telephone Company the commission must act, although the localities are reached by the lines of The Cincinnati & Suburban Bell Telephone Company. They insist that "either," as used in this statute, means "both," and that the two localities are not reached by *both* companies. It is true that the word "either" has a secondary meaning, viz., "being one and the other of two" or "both." But the common and primary meaning of the word is "being one or the other of two,"

and the courts will accord to it its common and primary meaning unless the context suggests that it is used in another sense. Not only is there no such suggestion in the context here, but in the use of the word "alone," "either" unquestionably means "one or the other of two."

The statute under consideration confers authority upon the commission to require two or more telephone companies to establish and maintain through telephone lines within the state between two or more localities where certain conditions exist. In the exercise of this authority the commission must act pursuant to law. If conditions prerequisite to the making of the order asked for in the present case do not exist, the commission is without power to act. Our holding is that the situation presented here does not call for the exercise of the power conferred by Section 614-63. The localities in question can be communicated with and reached by the lines of The Cincinnati & Suburban Bell Telephone Company, and public necessity not requiring additional service between these two localities a situation does not arise which calls for the exercise of the power conferred upon the commission.

It was alleged in the complaint and was urged before the commission that The Cincinnati & Suburban Bell Telephone Company was supplying other telephone companies within a radius of fifty miles from Cincinnati with long-distance service and was therefore discriminating between the subscribers of those companies and the plaintiff in error and other subscribers of The Hamilton Home Telephone Company. An examination of the

Opinion, per NEWMAN, J.

record discloses the fact that where The Cincinnati & Suburban Bell Telephone Company is furnishing long-distance service to other companies a situation wholly different from the one in Butler county exists. The commission, we think, correctly disposed of this branch of the case. It used this language:

"The Cincinnati & Suburban Bell Telephone Company is only undertaking to supply this Cincinnati service to localities in which its lines, in connection with the lines of the company supplied, form a continuous and complete line of communication between two localities. The long-distance service to Cincinnati is supplied by it and the local service stations by the local or connecting company. The Cincinnati & Suburban Bell Telephone Company does not hold itself out to serve nor serve individual subscribers in the locality supplied by the connecting company.

"By extending the Cincinnati service to these various companies, The Cincinnati & Suburban Bell Telephone Company is doing what the commission may, under the provisions of the utility law, order it to do."

The commission did not err in finding that plaintiff in error was not entitled to the relief prayed for, and its order dismissing the complaint not being unlawful or unreasonable is therefore affirmed.

*Order affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, JONES and MATTHIAS, JJ., concur.

WANAMAKER, J., dissents.