## Consolidated Telephone Company, Appellant, *v.* Public Service Commission.

*Telephone companies—Connections—Through service—Authority of Public Service Commission to compel—Act of July 26, 1913, P. L. 1374—Article II, section 1(v), and article V, section 9.*

Under the provisions of article II, section 1(v), and article V, section 9, of the Public Service Company Law, the Public Service Commission may order the connection of two telephone companies to be made and through service to be established, only when efficient service can be obtained and public necessity exists therefor, and the localities are not reached by the lines of either company alone or such service is not already established or provided for.

Where the Public Service Commission has found, upon competent evidence, that no necessity exists for the making of the connection which the applicant seeks to compel, and has further found that through traffic and communication between the different localities affected has already been provided for, and that adequate service is being rendered, the complaint demanding a physical connection between the two telephone companies is properly dismissed.

Argued March 11, 1919. Appeal, No. 274, Oct. T., 1918, by Consolidated Telephone Company, from order of the Public Service Commission, Complaint Docket No. 1960, dismissing complaint in the case of Consolidated Telephone Company v. The Public Service Commission, on appeal, and Palmerton Telephone Company. Before ORLADY, P. J., PORTER, HEAD, WILLIAMS and KELLER, JJ. Affirmed.

Application of Consolidated Telephone Company for an order establishing connections and through service over lines of Palmerton Telephone Company.

The Public Service Commission dismissed the application.

*Error assigned* was the order of the commission.

*R. J. Butz,* of *Butz & Rupp,* for appellant.

*Berne H. Evans,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission, appellee.

OPINION BY PORTER, J., October 13, 1919:

The appellant company filed its complaint with the Public Service Commission alleging that the lines of that company and the lines of the Palmerton Telephone Company form a continuous line of communication between different localities which are not reached by the lines or facilities of either line alone and praying that the commission order a connection or connections to be made between the lines of the respective companies, and that through conversations be transmitted over the lines of the complainant and respondent. The Palmerton Telephone Company filed an answer alleging that the connection prayed for would establish lines of communication between localities which were already reached by its lines and those of its connecting companies and that no public necessity existed requiring a connection between its lines and those of the complainant. The Public Service Commission after a full hearing found that the Palmerton Telephone Company is rendering adequate service in the Borough of Palmerton, in which it has an exclusive field, and that its lines connect at Slatington and Lehighton with the Bell Telephone Company's exchanges and through these exchanges, and by other direct wires, it furnishes means of telephonic communication with Allentown, Lehighton, Slatington and the other localities in which the complainant company operates; it found that the Bell Telephone Company, a competitor of the Consolidated Telephone Company, was furnishing efficient public service in the localities in which the complainant company operates; that through telephonic communication between said localities and the Borough of Palmerton was already provided by the connection between

the lines of the Bell Telephone Company and the Palmerton Telephone Company, and that additional telephonic facilities between the localities was not necessary for the accommodation of the public. The commission, for these reasons, dismissed the complaint and the complainant appeals.

The appellant as well as the Palmerton Telephone Company are incorporated as telegraph companies and subject to the general laws relating to corporations of that character, but in the Public Service Company Law the legislature saw fit to delegate to the Public Service Commission very broad powers over telegraph companies while it rendered subject to conditions the exercise of the power to order telephone companies to connect their respective lines. In Article II, Section 1, paragraph U, the duty imposed upon telegraph companies to connect their lines whenever the commission may require them to do so, is subject to no condition. Paragraph V of the same section, which defines the duties of telephone companies in this matter, enacts: "If a telephone corporation . . . . . . whose lines, together with the lines of another telephone corporation, form a continuous line of communication between different localities, which are not reached by lines, facilities or connections of either alone, and could be made to do so by the construction and maintenance of suitable connections between the several lines at common points, for the transmission of conversations between different localities, to jointly arrange for the interchange and transfer of conversations at such common points when it can be reasonably done, and efficient service can be obtained without injustice to either company . . . . . . , and when necessity exists therefor, in order to supply through traffic communication between different localities not otherwise provided for by the companies in question, or either of them; and shall operate and conduct a joint through traffic over the several lines so connected." The duty thus imposed upon telephone companies, operating in different localities, to connect

their lines is subject to the condition that the localities are not reached by lines, facilities or connections of either company alone, and could be made to do so by the construction and maintenance of suitable connections. It is argued by the learned counsel for the appellant that the word "connections," when used following the words "lines, facilities," must be construed to refer to the service instrumentalities of the Palmerton Company; that is, "connections" has the same meaning as lines and facilities, and that the three words "lines, facilities and connections" are used as comprehending the means of service employed by the Palmerton Company itself and alone in discharging its duty to the public, and that the word as used in that particular place has an entirely different meaning from that which must be given to it when used a few lines farther down in the section, when referring to connections between the several lines at common points. We find nothing in the particular sentence referred to nor in the context which would warrant us in giving this construction to the statute. The entire section refers to the duty of telephone companies to connect their lines and defines the conditions upon the existence of which the duty shall arise. The lines, facilities or connections of a telephone company are the means by which communication is established between distant points. Such through communication may be furnished over the lines owned exclusively by one company, or through the lines of different companies, by suitable connections, and requiring such connections to be made is the sole purpose of this section of the statute. When a telephone company has connected two localities, either by its own lines or through a suitable connection with another company, which furnishes adequate service, it has performed the duty imposed by this section of the statute. That the word "connections," as used in this statute, must be given its usual meaning, and not that contended for by the appellant, is rendered clear beyond question by the language used by the legislature, in this

very section, when it declared the purpose to be accomplished by the connection of the lines, namely : "in order to supply through traffic communication between different localities not otherwise provided for by the companies in question, or either of them." When a company has, by its own lines or "otherwise provided," through telephonic communication between the localities involved, it has discharged the duty imposed by this section.

The power delegated to the Public Service Commission to enforce the performance of this duty is found in Article V, Section 9 of the Public Service Company Law of 1913, P. L. 1407: "Whenever the Commission shall find that there are two or more telephone companies whose lines form a continuous line of communication, or could be made to do so by the construction and maintenance of suitable connections between the several lines at common points, for the transmission of conversation between different localities which are not reached by the lines of either company alone,......and that a public necessity exists therefor; or shall find that any two or more telephone companies have failed to establish just and reasonable joint rates or charges for through service, by or over their several lines so connected, and that such joint rates or charges ought to be established, in order to supply a through traffic and communication between different localities not otherwise provided for, or proffered by the companies in question, or either of them, the Commission may by its order require that such connection be made and facilities supplied, and that through conversations be transmitted thereby." Here again we have the condition that the Public Service Commission must find that a public necessity exists for the making of the connection between the lines, and the express legislative declaration that the purpose to be accomplished by the exercise of the power of the commission must be, "in order to supply a through traffic and communication between different localities not otherwise provided for, or

proffered by the companies in question, or either of them." The Public Service Commission has found, upon competent evidence, that no necessity exists for the making of the connection which the appellant seeks to compel, and has further found that through traffic and communication between the different localities here involved has already been provided for and that adequate service is being rendered by the Palmerton Telephone Company.

The Public Service Company Law of Pennsylvania clearly indicates that it was not the legislative intention that all telephone companies should be compelled to connect their lines, so that every subscriber of each of the companies could freely communicate with the subscribers of all the other companies. The learned counsel for the appellant has cited many cases arising in other jurisdictions, holding that all telephone companies should be required to connect their lines, but those decisions were based upon the statutes in the several jurisdictions and can have no weight in the construction of a statute having entirely different provisions. It was held by the Supreme Court of Ohio, under a statute somewhat similar to our own, that the Public Utilities Commission was without authority to order telephone companies to connect their lines when one of the companies already provided through service between the localities involved through an established connection with another company: Shafor v. Public Utilities Commission of Ohio, 113 N. E. 809. Neither the Public Service Commission nor this court is vested with legislative powers. It is our duty to obey the provisions of the statute upon which our jurisdiction is founded, without attempting to usurp authority in order to give effect to any supposed trend of the times. We find nothing in the record which would warrant us in holding that the determination of the commission was unreasonable or not in conformity with law.

The determination of the commission is affirmed and the appeal dismissed at costs of the appellant.

KELLER, J., dissents.